### UNITED STATES of America

v.

**John A. GOTTI, a/k/a "John, Jr.,"
a/k/a "Junior," Defendant.**

**No. 08 CR. 1220(PKC).**

United States District Court,
S.D. New York.

Sept. 17, 2009.

Elie Honig, Chi T. Steve Kwok, U.S. Attorney's Office, New York, NY, James Gilchrist Trezevant, U.S. Attorney's Office, Tampa, FL, for Plaintiff.

Charles F. Carnesi, Charles F. Carnesi, Attorney at Law, Garden City, NY, John C. Meringolo, Meringolo & Associates, P.C., Brooklyn, NY, Seth Ginsberg, Seth Ginsberg Attorney at Law, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

The defendant has moved to dismiss Counts Two and Three of the Superseding Indictment on grounds that this District lacks venue for the conduct alleged. The Superseding Indictment was filed on August 3, 2009, and the defendant filed this motion on September 1, 2009. Both Counts Two and Three are brought pursuant to 21 U.S.C. § 848(e)(1)(A), as well as 18 U.S.C. § 2, which provides for aider and abettor liability.

Count Two states in full:

On or about December 20, 1988, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a conspiracy to distribute and possess with intent to distribute five kilograms and more of a mixture or substance containing a detectable amount of cocaine, JOHN A. GOTTI, a/k/a "John, Jr.," a/k/a "Junior," the defendant, and others known and unknown, unlawfully, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of George Grosso, and such killing resulted.

(Superseding Indictment ¶ 38.) Count Three is identical, except that George Grosso's name is replaced with Bruce John Gotterup, and the date of December 20, 1988 is replaced with November 20, 1991. (Superseding Indictment ¶ 39.) Neither Count Two nor Three makes reference to or incorporates the racketeering allegations set forth in Count One.

Section 848 to title 21 of the United States Code is titled, "Continuing criminal enterprise." At subsection (e)(1)(A), under the heading "Death Penalty," the statute states:

In addition to the other penalties set forth in this section—(A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.[1]

Counts Two and Three assert that section 848(e)(1)(A) applies because the defendant engaged in an offense punishable under section 841(b)(1)(A). Specifically, section 841(b)(1)(A)(ii)(II) denotes punishment for the distribution and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

I. *The Disputed Venue Statutes.*

The defendant argues that this District does not have venue over Counts Two and Three. He argues that venue should be determined pursuant to 18 U.S.C. § 3236,

---

**1.** The government is not seeking the death penalty in this case.

which provides that "[i]n all cases of murder or manslaughter, the offense shall be deemed to have been committed at the place where the injury was inflicted, or the poison administered or other means employed which caused the death, without regard to the place where the death occurs." The defendant argues that venue also is governed by 18 U.S.C. § 3235, which states: "The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience."

The government acknowledges that the alleged killings of Mr. Grosso and Mr. Gotterup occurred in Queens, which is outside of this District. The government acknowledges in a sur-reply dated September 14, 2009 that venue would not lie in this District if section 3236 governs, and requests that the Court rule prior to the start of trial which venue provision applies. (9/14 Mem. at 2.) The government argues that venue should be determined pursuant to 18 U.S.C. § 3237(a), which states:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

The government asserts that at trial, it will offer proof that a narcotics conspiracy involved conduct undertaken in the Southern District of New York, including transportation of cocaine through this District and the handling of drug proceeds in this District. (9/15 Mem. at 3.)

■ It is the burden of the government "to prove that the crime was committed in the district in which the prosecution is brought, and when a defendant is charged in more than one count, venue

must be proper with respect to each count." *United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989) (citations omitted). Venue statutes are to be construed narrowly. *United States v. Saavedra*, 223 F.3d 85, 98 (2d Cir.2000) (Cabranes, J., dissenting) (citing *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236 (1944)).

■ Under section 3237(a), continuing offenses may be prosecuted wherever a proscribed act occurs. *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir.2005). "When a crime consists of a single, noncontinuing act, the proper venue is clear: The crime is committed in the district where the act is performed. In some cases, however, the Constitution does not command a single exclusive venue. Thus, where the acts constituting the crime and the nature of the crime charged implicate more than one location, venue is properly laid in any of the districts where an essential conduct element of the crime took place." *Id.* (citations and quotations omitted). "[D]efining the proper venue of a crime requires identifying where the physical 'conduct constituting the offense' took place." *Id.* at 144 (quoting *United States v. Rodriguez–Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)).

■■ For venue to be proper under a continuing-offense theory, the "locus and effect of the criminal conduct" must be strong in this District. *Saavedra*, 223 F.3d at 94. Conspirators may be tried in a district where their co-conspirators acted, "since the existence of a conspiracy serves as a thread tying conspirators together in the offense." *Id.* at 94.

In contrast to section 3237(a), section 3236 has been interpreted not to apply to a continuing offense, but governs venue over a unitary act of murder or manslaughter that is not part of a continuing offense. In

*Saavedra,* the Second Circuit affirmed the district court's finding of venue under section 3237(a), as opposed to section 3236, when acts of murder were "part of the activities of the criminal enterprise" prosecuted under the racketeering laws, and not unitary acts of murder. 223 F.3d at 91. *See also United States v. Perez,* 940 F.Supp. 540, 548–49 & n. 2 (S.D.N.Y.1996) (observing in dictum that section 3236 applies to unitary acts of murder or manslaughter).

II. *Authority on 21 U.S.C. § 848(e)(1)(A).*

*United States v. Santos,* 541 F.3d 63, 68–69 (2d Cir.2008), held that there are two separate and essential elements to murder while engaging in a drug offense punishable pursuant 21 U.S.C. § 841(b)(1)(A) in violation of 21 U.S.C. § 848(e)(1)(A), as is charged in the Superseding Indictment in this case. *Santos* held that one essential element to the crime is a drug offense, and the second essential element is a killing. *Id.* Section 841(b)(1)(A) "does not itself proscribe specific conduct," and instead establishes penalties for certain drug offenses. *Id.* at 67–68.

In *United States v. Desinor,* 525 F.3d 193, 202 (2d Cir.2008), the Second Circuit described the statutory nexus between the narcotics offense and the act of murder as follows:

> To convict a defendant of engaging in a narcotics conspiracy resulting in murder (or engaging in a narcotics conspiracy while engaging in a conspiracy to murder) under 21 U.S.C. § 848(e)(1)(A), the government need only prove beyond a reasonable doubt that one motive for the killing (or conspiracy to kill) was related to the drug conspiracy. The existence of other motives does not affect the government's ability to satisfy the 'engaging in' element, as long as there is a substantive connection between the defendant's role in the murder (or murder conspiracy) and his participation in the drug conspiracy.

In *United States v. Shaw,* 2007 WL 4208365 (S.D.N.Y. Nov. 20, 2007), Judge McMahon held that venue was properly assessed under section 3237, and not sections 3235 and 3236. There, as here, the government brought a charge of murder while engaged in a narcotics violation pursuant to 21 U.S.C. § 848(e)(1)(A). *Id.* at *1. The *Shaw* defendants argued that venue was improper in this District because the charged murder occurred elsewhere. *Id.* at *1–2. The indictment in *Shaw,* which the government has submitted to the Court, included a separate, stand-alone count of conspiracy to violate narcotics laws brought pursuant to 21 U.S.C. § 846; this separate conspiracy count, which included overt acts in this District, was incorporated into the murder count brought under section 848(e)(1)(A). (*Shaw* Superseding Indictment ¶¶ 1–4.) In concluding that venue was properly in this District as to the section 848(e)(1)(A) count, *Shaw* relied on the "continuing offense" of the section 846 conspiracy count, which included common and essential elements of the section 848(e)(1)(A) count. *Shaw,* 2007 WL 4208365, at *2. "The 'conspiracy element' provides the nexus with the Southern District that allows the substantive counts to be properly venued in this district." *Id.* at *2. *See also United States v. Smith,* 452 F.3d 323, 335 (4th Cir.2006) (finding venue proper for a section 848(e)(1)(A) murder count because a separate section 846 conspiracy count was an essential element of section 848 count).[2]

---

**2.** I note that the text of section 848(e)(1)(A)

distinguishes individuals "working in further-

III. *Application of the Venue Statutes and Section 848(e) to the Superseding Indictment.*

█ The Superseding Indictment sets forth sufficient grounds to conclude that, at this point, venue is proper in this District pursuant to section 3237(a).

Counts Two and Three of the Superseding Indictment assert that the defendant 1.) "engaged in . . . a conspiracy" 2.) in this District and elsewhere 3.) to distribute and possess with intent to distribute five kilograms and more of a substance containing cocaine, and 4.) "counseled, commanded, induced, procured, and caused" the intentional killings of George Grosso and Bruce Ray Gotterup.

█ As I previously stated, conspiracy is a continuing offense that may be prosecuted wherever a proscribed act occurs. *Ramirez,* 420 F.3d at 139. The government has represented to the Court that at trial it will offer proof that the narcotics conspiracy "involved conduct undertaken" in this District, specifically including transportation of cocaine and the handling of drug proceeds. (9/15 Mem. at 3.) A drug offense is an essential element under section 848(e)(1)(A). *Santos,* 541 F.3d at 68–69.

█ At trial, it remains the government's burden to prove that venue in this District is proper. *Beech–Nut Nutrition Corp.,* 871 F.2d at 1188. *Ramirez* has noted: "Although the Supreme Court has recognized Congress's power to define offenses as continuing, it has been wary of extending that label too broadly." 420 F.3d at 139. "[W]hen venue may properly lie in more than one district under a continuing offense theory, we should also ask whether the criminal acts in question bear substantial contacts with any given venue. The substantial contacts test takes into account four main factors: (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate factfinding." *Id.* (quotations and citations omitted). *Ramirez* ultimately concluded that venue was not appropriate if a District is merely situs to activity that is "preparatory to the offense," and not part of it. *Id.* at 141. *Accord Beech–Nut,* 871 F.2d at 1190.

█ A murder-related charge asserted in a federal court requires one or more elements in addition to an intentional killing. For example, the murder of a foreign official is a federal crime. *See, e.g.,* 18 U.S.C. § 3116. But such a crime would occur at a single point in time. In such a circumstance, section 3236 would apply because murder plus the victim's status are the only required elements. Here, the additional element is narcotics trafficking, and Counts Two and Three allege narcotics trafficking in that they allege a conspiracy to distribute or possess with intent to distribute cocaine. Conspiracies by their nature are generally continuing crimes that take place over an extended period in multiple locations. *United States v. Rommy,* 506 F.3d 108, 119–20 (2d Cir.2007); *Saavedra,* 223 F.3d at 89–92. Because a continuing crime is alleged in addition to murder, section 3237 governs, and not section 3236.

CONCLUSION

Consistent with the Superseding Indictment, the government will be permitted to

---

ance of a continuing criminal enterprise" from "any person engaging in an offense punishable under section 841(b)(1)(A)." The face of the Superseding Indictment in this case charges the defendant with having engaged in an offense punishable under section 841(b)(1)(A) and does not assert that liability under section 848(e)(1)(A) is premised on work in furtherance of a continuing criminal enterprise.

offer evidence at trial that the conspiracy that, in part, forms the basis of the crimes charged in Counts Two and Three, involved conduct occurring in this District. If proven at trial, this would be sufficient to confer venue.

SO ORDERED.